IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Commodity Futures Trading Commission,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>)<br>Todd J. Delay, Jack McCaffery, and  )<br>John D. Lawless,  )<br>)<br>Defendants.  ) | No. 05 C 5619 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motions to transfer. For the reasons stated below, we grant Defendants' motions to transfer.

## BACKGROUND

Plaintiff Commodity Futures Trading Commission ("Commission") alleges that Defendant Todd J. Delay ("Delay"), Defendant Jack McCaffery ("McCaffery"), and Defendant John D. Lawless ("Lawless") conspired to knowingly report non-*bona fide* sales in the cattle feeder market to the United States Department of Agriculture ("USDA"). On Friday, October 24, 2003, the USDA issued its feeder cattle report addressing the prior seven days, which included certain sales of cattle in western Nebraska reported by Defendants. The Commission contends that

Defendants purposely caused an artificial increase in the price of cattle, that Defendants profited by the increase, and that Defendants held interests in, or controlled futures positions in an excess of the amount permitted by law. The Commission brought the instant action and includes in its complaint claims against Delay alleging violations of the Commodity Exchange Act ("Act') due to a manipulation of the feeder cattle contract (Counts I, II), a claim against Delay, McCaffery, and Lawless alleging violations of the Act for delivering false reports concerning market information (Count III), a claim against Delay alleging violations of the Act for exceeding the speculative limits for the feeder contract (Count IV), and a claim against Delay alleging a violation of the Act for failing to diligently supervise Rosenthal Collins Group, LLC's ("RCG") office in Columbus, Ohio (Count V). Defendants have now moved to transfer the instant action to the District of Nebraska pursuant to § 1404(a).

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In order to transfer a case pursuant to 28 U.S.C. § 1404(a) the transferor court must first find that: 1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986)(stating that a court "in which suit is filed with proper venue" may transfer an action pursuant to § 1404(a)),

and 2) venue is proper in the transferee district, *see* 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought").

## DISCUSSION

Defendants argue that the instant action should be transferred to the District of Nebraska. If venue is proper in both the transferor and transferee districts, the transferor court should then consider: 1) the choice of forum by plaintiff, *Federal Deposit Ins. Corp. v. Citizens Bank and Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir.1979), 2) the convenience of the parties, *Coffey*, 796 F.2d at 220 n. 3, 3) the convenience of the witnesses, *Id.*, and 4) the interest of justice. *Id.* The movant bears the burden of establishing that the transferee district is "clearly more convenient." *Id.* at 219-20.

I. Venue

As is indicated above, in order to transfer this action to the District of Nebraska pursuant to 28 U.S.C. § 1404(a), venue must be proper in the District of Nebraska and in the Northern District of Illinois ("Northern District"). Pursuant to 28 U.S.C. § 1391, "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is

the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391.

The Commission contends that the Northern District is an appropriate venue because a substantial part of the event involved in the instant action occurred in Illinois. Defendants do not dispute the Commission's assertion that venue is proper in the Northern District. (Del Tr. 4)(Mc Tr. 4). We therefore conclude that venue is proper in the Northern District. Defendants also point to a series of facts that indicate that a substantial part of the events involved in the instant action occurred in Nebraska. All the Defendants either reside in Nebraska or regularly conduct business in Nebraska. The Commission does not contest any of Defendants' arguments pertaining to whether venue is proper in the District of Nebraska and instead focuses on the propriety of venue in Illinois. We conclude that venue is proper in the District of Nebraska.

## II. The Commission's Choice of Forum

The Commission, as Plaintiff, chose the Northern District as the forum to resolve the instant dispute. In considering whether to transfer an action, the court should "give some weight to the plaintiff's choice of forum." *Federal Deposit Ins. Corp.*, 592 F.2d at 368; *see also Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir.1989)(stating that "some weight must be given to [a

4

plaintiff's] choice of forum"). A transfer pursuant to 28 U.S.C. § 1404(a) should not merely "shift the convenience from one party to another," and the choice of a forum by a plaintiff should not be "lightly ... disturbed." *Warshawsky & Co. v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1259 (7th Cir.1977); *see also Heller Financial, Inc.*, 883 F.2d at 1294 (expressing concern that a transfer would merely shift the inconvenience to the plaintiff). However, whenever the plaintiff and defendant are in different states, there will inevitably be an inconvenience to one side. *In re National Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003). When the potential inconvenience to the plaintiff and defendant are comparable "the tie is awarded to the plaintiff . . . ." *Id.*; *see also Heston v. Equifax Credit Info. Servs. LLC*, 2003 WL 22243986, at *1 (N.D.Ill. 2003)(stating that plaintiff's choice of forum is given less weight if the case has no "significant connection to the chosen forum . . . .").

In the instant action, since the Commission chose the Northern District for the venue, its choice is entitled to some deference. However, as is indicated above, a plaintiff's choice of forum is not dispositive and there are other factors to consider as well. As the Commission itself concedes, a plaintiff is not always entitled to proceed in the forum of its choice, and its choice is merely given deference. (Ans. 2). Also, the vast majority of material events and alleged misconduct asserted in this case involving the cattle reporting and transactions occurred in Nebraska. The Chicago Mercantile Exchange in Illinois was merely where the ultimate effects of the alleged scheme manifested themselves. Also, Delay's contact with the Chicago RCG office

is of limited importance in the instant action. Thus, the ties between the claims presented in the instant action and Illinois are extremely limited. The Commission has attempted to diminish the events that occurred in Nebraska, but does not even tie the pertinent facts to Illinois. For instance, the Commission argues that the claim relating to the supervision of the Columbus, Ohio office is not related to conduct that occurred in Nebraska, arguing that "the material events relating to the Defendant's failure to supervise occurred at RCG's Columbus, Ohio office. . . ." (Ans. 4). Such arguments offer no justification for the action being litigated only in Illinois. Therefore, the Commission has failed to show that the claims in the instant action have material ties with Illinois.

## III. Convenience of Parties and Witnesses

In the instant action, McCaffery and Lawless reside in Nebraska. Delay has substantial interest in cattle and grain in Nebraska. All three Defendants have ongoing business obligations and interests in Nebraska. Defendants have explained, and the Commission has not disputed, that cattle ranching and the operation of a feedlot cannot be accomplished effectively by phone. A rancher or feed lot operator must be on hand and on location, in order to properly address the day to day concerns of the business. If the instant action were to proceed in Illinois, it would create a hardship upon Defendants in regard to their ability to maintain their business interests in Nebraska. The Commission has not disputed this description of the

requirements for working in the cattle industry.

The Commission, on the other hand, has the authority to pursue actions such as this across the country and has not shown that it would be any particular hardship to litigate the instant action in Nebraska. The Commission's only argument concerning an alleged hardship is a vague and conclusory statement explaining that the exchange data and customer records are located in Illinois. However, the Commission fails to explain why there would be any difficulty in transporting such data or records to Nebraska, and fails to address the issue of what records are located in Nebraska.

In regard to the potential witnesses in the instant action, the convenience of the vast majority of such witnesses would be served if the instant action proceeded in Nebraska. Defendants have presented an extensive list of individuals that are likely to be non-party witnesses in the instant action. The Commission states that the court should not be swayed by Defendants' long list of potential witnesses. We have not simply given added weight to Defendants' position because Defendants have produced a list which includes a large number of witnesses. Defendants have provided adequate explanations regarding why such witnesses would legitimately be necessary to their defenses. The Commission argues that the testimony of most of the witnesses will be irrelevant and thus, the witnesses should not be considered by the court. (Ans. 7). While that may be the Commission's opinion, Defendants are entitled to put on their own defenses, and we cannot agree, based upon the record

before us, that the testimony elicited from such witnesses would be irrelevant.

These non-party witnesses are connected to cattle ranching in a variety of capacities and their employment and livelihood would be unduly disrupted by travel to Illinois. Other likely non-party witnesses include office personnel from North Platte Feeders, Inc. and Imperial Beef, who reside in Nebraska. Thus, in summation, the Commission has not shown that it would suffer any real hardship if the instant action were transferred. The Commission's justification for proceeding in Illinois is simply that Illinois is where the Commission desires to proceed, whereas the daily personal lives and employment of the other parties and many non-parties would be unduly disrupted if the instant action were to proceed in Illinois. Therefore, the convenience of the parties and witnesses would clearly be better served if the instant action was transferred to Nebraska.

IV. Interest of Justice

We must also consider the interest of justice factor in making our determination. In addressing the interest of justice factor, a court may consider: 1) whether a transfer promotes the "efficient administration of justice," 2) whether the action could be consolidated with other actions in the transferee district, 3) whether the judges in the transferee district are more familiar with the pertinent state law, 4) whether jurors in a particular district have a "financial interest in [the] case," and 5) which district would have jurors that could "best apply community standards."

*Coffey*, 796 F.2d at 220-21, 221 n. 4. The court should also consider whether the transferee district has a lighter docket than the transferor district. *In re National Presto Indus., Inc.*, 347 F.3d at 663. In addressing the interest of justice factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221. The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim. *Id.*

The events involved in the instant action predominantly occurred in Nebraska. Thus, the availability of witnesses and pertinent records would make Nebraska the optimal district for pursuing the instant action. The Nebraska court would not have to deal with the delays that would inevitably occur if the action were prosecuted in Illinois, due to reasons such as the unavailability of witnesses or evidence and the need of counsel to coordinate communications and depositions with individuals and clients that are not nearby. Defendants have also presented evidence that shows that, due to a lighter docket in the District of Nebraska, the case can proceed to a resolution quicker in Nebraska. The Commission does not dispute Defendants' contention that, based upon general court statistics, the instant action could be resolved more quickly in the District of Nebraska. The Commission argues that the case could possibly be resolved more quickly in the Northern District because "the Court can expedite this matter if it would serve the interest of justice." (Ans. 8). First of all the Commission has not provided any justification for the court that would warrant expediting the instant action. The court will not hastily proceed to a

resolution in a cursory manner simply to allow the commission to satisfy the "interest of justice" factor. To the contrary, the interest of justice would compromised and would not best be served if the court hastily proceeds in order for the Commission to justify venue in the Northern District. This court exercises all necessary diligence to ensure that all appropriate procedural steps are followed in every action and all parties are accorded all the fairness that is due to them, and to see that justice is served. Therefore, we conclude that the interest of justice factor weighs in favor of Defendants.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motions to transfer and transfer the instant action to the District of Nebraska.

                                                    Samuel Der-Yeghiayan
                                                    United States District Court Judge

Dated: October 25, 2005